**REEVES' ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 129, Docket 21403.

United States Court of Appeals Second Circuit.

Argued March 1, 1950.

Decided March 17, 1950.

Lee McCanliss, New York City (Fred L. Van Dolsen, Washington, D. C., John E. Higgiston, Jr., New York City, of counsel) for petitioners.

C. Oliphant, Washington, D. C., Theron Lamar Caudle, Washington, D. C. (Ellis N. Slack, A. F. Prescott and Carlton Fox, Washington, D. C., of counsel) for respondent.

Before L. HAND, Chief Judge, and GOODRICH and FRANK, Circuit Judges.

FRANK, Circuit Judge.

 Transfers intended as substitutes for testamentary disposition are, of course, "in contemplation of death."[1] And the burden of disproving the Commissioner's determination was on the petitioners. First Trust & Deposit Co. v. Shaughnessy, 2 Cir., 134 F.2d 940.

 His determination here rested upon the fact that Reeves Brothers, Inc., did not pay any dividends on its common stock until after decedent's death, although the company's earnings statements and balance-sheets strongly suggest an ability to do so. From this fact, and from decedent's always powerful, if not always mathematically controlling, interest in the corporation, the Commissioner referred an intent not to pay dividends so long as decedent managed the affairs of the corporation. In the light of this intent, the Commissioner argued, decedent's transfer of his stock to the trusts can only be construed as a substitute for testamentary disposition.

1. United States v. Wells, 283 U.S. 102, 116, 51 S.Ct. 446, 75 L.Ed. 867; Allen v. Trust Co. of Georgia, 326 U.S. 630, 635, 66 S.Ct. 389, 90 L.Ed. 367.

The Commissioner's inference might have been disproved in a number of ways: Petitioners might have demonstrated, for example, that business reasons forbade payment of dividends, or that after decedent transferred the stock to the trust he lost effective control of the corporation. But the record is bare of any explanation which makes the Commissioner's position seem unreasonable.

Nor does such a conclusion imply that decedent, by holding back dividends, betrayed his fiduciary obligations to the minority stockholders. For all that the record shows, the minority stockholders might have been quite content to leave their holdings as a cumulating investment.

Affirmed.